IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carla DeBarr, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 3:20-cv-01795-SAL-SVH |
| | ) | |
| Maximus Inc., a/k/a Maximus Health Care, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER

COMES NOW Defendant Maximus Inc. ("Maximus" or "Defendant"), by and through its undersigned counsel, Jackson Lewis P.C., and hereby responds to the allegations in Plaintiff's Complaint as follows:

### FOR A FIRST DEFENSE

In response to the specific numbered allegations in Plaintiff's Complaint, Defendant responds as follows:

1. The allegations of Paragraph 1 set forth legal conclusions to which no response is required.

2. Upon information and belief, Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint to the extent they allege that the United States District Court for the District of South Carolina, Columbia

Division has jurisdiction over this case and that venue is proper in Columbia, South Carolina. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits the allegations in Paragraph 5 of the Complaint to the extent they allege that the United States District Court for the District of South Carolina, Columbia Division has jurisdiction over this case and that venue is proper in Columbia, South Carolina. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint to the extent that Plaintiff was employed by Defendant in Richland County South Carolina and Defendant has entered contracts with entities for services. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint to the extent that Plaintiff worked for Defendant has a nurse auditor. Upon information and belief, Defendant admits Plaintiff is a registered nurse. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Complaint to the extent that Plaintiff applied for and was granted intermittent FMLA leave in October of 2018. Defendant is without sufficient knowledge to admit or deny whether Plaintiff's mother was ill and required care. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint to the extent Plaintiff became a Nurse Review Manager in January of 2019. Defendants deny the remaining allegations of in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff was placed in the role of Senior Consultant Nurse. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff was placed in the role of Senior Consultant Nurse. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff applied for FMLA intermittent leave related to her mother in September of 2019 and returned medical forms to Maximus on September 26, 2019. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff was terminated for poor performance on November 7, 2019 and that Plaintiff was given a written warning on September 25, 2019. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff was terminated for poor performance on November 7, 2019 but denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant repeats and realleges its responses to Paragraphs 1 through 14 of the Complaint as if fully set forth in response to Paragraph 15.

16. Defendant admits the allegations in Paragraph 16 of the Complaint to the extent is subject to the Family Medical Leave Act. Defendant denies all remaining allegations in Paragraph 16 of the Complaint and denies any liability under the FMLA.

17. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint to the extent Plaintiff took approved leave under the FMLA and provided medical certification documents. Defendant denies all remaining allegations in Paragraph 18 of the Complaint.

19. Defendant is without sufficient information to admit or deny Plaintiff's mental intent. Defendant denies the remaining allegations of Paragraph 19 of the Complaint.

20. Defendant admits Plaintiff was disciplined for poor performance and placed in the role of Senior Nurse Consultant. Defendant denies all remaining allegations of Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff applied for FMLA intermittent leave related to her mother in September of 2019 and that Plaintiff was terminated for poor performance on November 7, 2019 after being given a verbal warning and a written warning. Defendant denies all remaining allegations of Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint. Defendant specifically denies any liability under the FMLA and denies that Plaintiff is entitled to any damages.

23. Defendant denies the allegations in Paragraph 23 of the Complaint. Defendant specifically denies any liability under the FMLA and denies that Plaintiff is entitled to any damages.

24. Defendant denies the allegations in Paragraph 24 of the Complaint. Defendant specifically denies any liability under the FMLA and denies that Plaintiff is entitled to any damages.

25. Defendant denies the allegations in Paragraph 25 of the Complaint. Defendant specifically denies any liability under the FMLA and denies that Plaintiff is entitled to any damages.

26. Defendant repeats and realleges its responses to Paragraphs 1 through 26 of the Complaint as if fully set forth in response to Paragraph 26.

27. Defendant admits that it maintains a handbook and policies that were provided to Plaintiff. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant admits that it maintains a handbook and policies relating to leave, conduct, discipline, and other provisions relating to the equal treatment of all employees. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint. Defendant specifically denies the existence of any contract with Plaintiff, the breach of any contract with Plaintiff, and any liability arising from any contract with Plaintiff. Defendant denies Plaintiff is entitles to any damages from Defendant.

31. Defendant denies that the Plaintiff is entitled to any of the relief specified in the "THEREFORE" Paragraph immediately following Paragraph 30 of the Complaint and denies that the Plaintiff is entitled to any of the relief specified in sub paragraphs A, B, and C.

32. Defendant denies any allegations in the Complaint that have not herein been admitted, denied, or referred to on information and belief.

**FOR A SECOND DEFENSE**

Plaintiff's Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

**FOR A THIRD DEFENSE**

Some or all of the relief Plaintiff is seeking may be barred to the extent that Plaintiff has failed to mitigate her damages.

**FOR A FOURTH DEFENSE**

Some or all of the relief sought by Plaintiff in the Complaint may be barred by the doctrine of after-acquired evidence.

## FOR A FIFTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were justified, reasonable, and in good faith, without any improper motive, purpose, or means.

## FOR A SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were made based on legitimate, nondiscriminatory and non-retaliatory considerations.

## FOR A SEVENTH DEFENSE

To the extent that Plaintiff purports to demonstrate that an improper motive played a part in any challenged employment decision, the same employment decision would have been made in the absence of any alleged improper motive.

## FOR AN EIGHTH DEFENSE

Some or all of the relief sought by Plaintiff in the Complaint may be barred to the extent that Plaintiff was not entitled to leave under the FMLA and/or to the extent that the reason for the leave did not qualify for protection under the FMLA.

## FOR A NINTH DEFENSE

In the event that Defendant is determined to have violated the FMLA, which Defendant specifically denies, such violation was in good faith and Defendant had reasonable grounds for believing that its actions did not violate the FMLA.

## FOR A TENTH DEFENSE

In the event that Defendant is determined to have violated the FMLA, which Defendant specifically denies, any award of damages to Plaintiff should be limited to the remedies set forth in 29 U.S.C. § 2617.

### FOR AN ELEVENTH DEFENSE

Defendant did not undertake any act for the purpose of injuring the Plaintiff.

### FOR A TWELFTH DEFENSE

At all times during her employment with Defendant, Plaintiff was an at-will employee.

### FOR A THIRTEENTH DEFENSE

Any award of damages should be barred or limited to the extent that the relief demanded by Plaintiff is improper, inappropriate, exceeds the scope of permissible damages and remedies, and/or otherwise is not available under the laws upon which his claims rest. Alternatively, in the event that Plaintiff is granted relief, such relief should be limited by the applicable provisions of any state law upon which Plaintiff's claims rest.

### FOR A FOURTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, she is not entitled to an award of punitive damages against Defendant to the extent that such an award is barred by the Constitution of the United States and the Constitution of the State of South Carolina. Defendant further alleges that any award of punitive damages would violate the prohibition against excessive fines found in the Eighth Amendment of the Constitution of the United States as applied to the state by way of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. Further, any award of punitive damages would violate the guaranty of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines on which a jury might base its award and, further, that such guidelines to the extent that they exist are arbitrary and void for vagueness.

### FOR A FIFTEENTH DEFENSE

Plaintiff's claim for breach of contract is barred because no valid contract existed between the parties.

### FOR A SIXTEENTH DEFENSE

Plaintiff's claim for breach of contract is barred by estoppel.

### FOR A SEVENTEENTH DEFENSE

Defendant denies is had any contract with Plaintiff. To the extent a contact is found between Defendant and Plaintiff, Plaintiff's breach of contract claims are barred in whole or in part by her own non-performance.

### FOR AN EIGHTEENTH DEFENSE

Defendant did not undertake any act for the purpose of injuring the Plaintiff.

### FOR A NINETEENTH DEFENSE

Defendant reserves the right to assert further defenses upon discovery of facts not previously known.

**WHEREFORE,** having fully answered Plaintiff's Complaint**,** Defendant prays that:

A. The Court enter judgment in Defendant's favor;

B. Plaintiff's Complaint be dismissed with prejudice;

C. The Court award Defendant all costs, expenses, fees, and damages that may arise with the defense of Plaintiff's Complaint; and

D. The Court award Defendant such further relief as it deems just and proper.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

s/ *Matthew R. Ozment*
D. Randle Moody, II (Fed. I.D. No. 7169)
Email:  randy.moody@jacksonlewis.com
Matthew R. Ozment (Fed. ID No. 12403)
Email:  matthew.ozment@jacksonlewis.com
JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Phone: 864-232-7000
Fax: 864-235-1381

***ATTORNEYS FOR DEFENDANT MAXIMUS INC. a/k/a MAXIMUS HEALTH CARE***

Dated:  May 14, 2020

9